**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Guy Hanway, | No. CV-19-00484-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Merral, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion for Leave to File Pre-Answer Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. (Doc. 21.) In addition, Defendants ask this Court to toll the time to file an answer until 30 days after the resolution of summary judgment. (*Id.*) On July 15, 2021, the Court granted Defendants' Amended Second Motion for Extension of Time to File Answer, rescheduling the deadline for August 13, 2021. (Doc. 20.) On August 13, 2021, rather than file an answer, Defendants filed the present motion. (Doc. 21.)

The Federal Rules of Civil Procedure require a defendant to serve an answer within 21 days of being served with the summons and complaint or, if service has been waived, within 60 days after the request for waiver was sent. Fed. R. Civ. P. 12(a)(1)(A). Typically, a defendant files an answer prior to moving for summary judgment. However, the rules permit a party to file a motion for summary judgment at any time until 30 days after the close of discovery. Fed. R. Civ. P. 56(b). "This means that a party may file a summary judgment motion before filing an answer." *Harris v. McGrath*, No. CV-14-

02453-TUC-CRP, 2016 WL 11652877, at *1 (D. Ariz. June 21, 2016); *see also Johnson-Bey v. Tolbert*, No. CV-13-00578-PHX-ROS, 2013 WL 11311731, at *1 n.1 (D. Ariz. July 29, 2013) (quoting Charles Alan Wright, et al., Federal Practice and Procedure § 2718 (3d ed.)) ("While unusual, '[a] defending party is not required by [Rule 56] to file an answer before moving for summary judgment.'"). Furthermore, in prisoner litigation, a court first seeks to resolve questions concerning exhaustion of remedies. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc) ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim."), *cert. denied sub nom. Scott v. Albino*, 135 S. Ct. 403 (2014).

Federal Rule of Civil Procedure 56 does not address whether filing a motion for summary judgment tolls the time to file an answer. However, courts in the Ninth Circuit have drawn analogy to the tolling that occurs when a party files a pre-answer motion to dismiss under Federal Rule of Civil Procedure 12(a)(4) and have extended the time to file an answer until after an order on a pre-answer summary judgment motion "where such motion adequately contests the action." *See, e.g.*, *Mann v. Lee*, No. C 07-00781 MMC (PR), 2009 WL 5178095, at *2 (N.D. Cal. Dec. 22, 2009) (collecting cases).

Here, the Court finds that a motion for summary judgment for failure to exhaust administrative remedies "adequately demonstrates defendants' intent to defend against plaintiff's action [because it] may be dispositive of all of plaintiff's claims." *Id.* at *3.

///
///
///
///
///
///
///
///
///

Accordingly, **IT IS HEREBY ORDERED**

(1) Defendants' Motion for Leave to File Pre-Answer Motion for Summary Judgment for Failure to Exhaust Administrative Remedies is **GRANTED.** (Doc. 21.) The Clerk of Court shall file Defendants' Lodged Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. (Doc. 22.)

(2) Furthermore, Defendants shall have 30 days from the Court's order on their Motion for Summary Judgment for Failure to Exhaust Administrative Remedies to file an answer to Plaintiff's Complaint.

Dated this 22nd day of October, 2021.

_____
Honorable Raner C. Collins
Senior United States District Judge